## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAMPAIGN FOR ACCOUNTABILITY,<br>611 Pennsylvania Avenue SE, #337<br>Washington, DC 20003<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18-cv-248 |

## COMPLAINT

1.      Plaintiff Campaign for Accountability brings this action against the U.S. Department of Health and Human Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Campaign for Accountability is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining

1

the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff Campaign for Accountability (CfA) is a nonpartisan organization primarily engaged in disseminating information to the public. CfA uses research, litigation and communications to expose misconduct and malfeasance in public life. Through research and FOIA requests, CfA uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government, local and state governments and other public actors through reports, press releases, and other media.

6.      Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Administration for Children and Families (ACF) is a component of HHS, and the Office of Refugee Resettlement (ORR) is an office within ACF. ACF has possession, custody, and control of the records that CfA seeks.

## STATEMENT OF FACTS

7.      On October 27, 2017, CfA submitted a FOIA request to HHS seeking:

(1) All records related to Office of Refugee Resettlement ("ORR") policy regarding services for pregnant unaccompanied immigrant minors in federal custody and/or housed at ORR grantee shelters. This request includes memoranda, directives, policy statements, policy interpretations, policy guidance, talking points, and other similar documents reflecting ORR policy.

(2) All records related to ORR Director Scott Lloyd's visits to ORR grantee shelters that house unaccompanied immigrant minors. This request includes calendar entries, travel and accommodation requests and approvals, itineraries, briefing memoranda, and meeting notes.

(3) All communications, meeting notices, meeting agendas, informational materials, talking points, or other documents received by representatives of ORR from, sent by representatives of ORR to, or exchanged between representatives of ORR and representatives of the Susan B. Anthony List, Concerned Women for America, the Heritage Foundation, the Center for Family and Human Rights ("C-Fam"), National Right to Life, Alliance Defending Freedom, Legal Works Apostolate, or the Knights of Columbus regarding services for pregnant unaccompanied immigrant minors in federal custody and/or housed at ORR grantee shelters. This request includes communications to or from anyone using email addresses from the following domains:

    a. @sba-list.org
    b. @cwfa.org
    c. @heritage.org
    d. @c-fam.org
    e. @nrlc.org
    f. @adflegal.org
    g. @legalworks.com
    h. @kofc.org

(4) All communications, meeting notices, meeting agendas, informational materials, talking points, or other documents received by representatives of ORR from, sent by representatives of ORR to, or exchanged between representatives and representatives of the White House regarding services for pregnant unaccompanied minors in federal custody and/or housed at ORR grantee shelters.

(5) All communications, meeting notices, meeting agendas, informational materials, talking points, or other documents received by representatives of ORR from, sent by representatives of ORR to, or exchanged between representatives of ORR and members and staff of the U.S. Congress regarding services for pregnant unaccompanied immigrant minors in federal custody and/or housed at ORR grantee shelters.

CfA sought all responsive records from March 1, 2017, to the date of the search. A copy of

CfA's FOIA request is attached hereto as Exhibit A and incorporated herein.

    8.    HHS acknowledged CfA's FOIA request and assigned the request tracking

number 18-F-0029.

*Entitlement to Expedited Processing*

    9.    CfA sought expedited processing of its FOIA request pursuant to 5 U.S.C.

§ 552(a)(6)(E)(i), as well as 45 C.F.R. § 5.27.

10.     CfA is primarily engaged in disseminating information to the public.

11.     There is an urgent need to inform the public about the federal government activity that is the subject of CfA's FOIA request.

12.     CfA has not yet received a response from HHS regarding CfA's request for expedited processing of its FOIA request.

*Exhaustion of Administrative Remedies*

13.     Through HHS's failure to make a decision regarding CfA's request for expedited processing of its FOIA request within the time period required by law, CfA has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

14.     As of the date of this complaint, HHS has failed to (a) notify CfA of any determination regarding the request, including the scope of any responsive records HHS intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

15.     Through HHS's failure to respond to CfA's FOIA request within the time period required by law, CfA has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing of CfA's FOIA Request**

16.     CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

17.     CfA properly requested records within the possession, custody, and control of HHS on an expedited basis.

18.     HHS is an agency subject to FOIA and must process FOIA requests on an

expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 45 C.F.R. § 5.27.

19.     CfA is primarily engaged in disseminating information to the public, and there is

an urgent need to inform the public about the federal government activity that is the subject of

CfA's FOIA request, such that expedited processing is appropriate under 5 U.S.C.

§ 552(a)(6)(E)(v)(II) and 45 C.F.R. § 5.27(b)(2).

20.     HHS has failed to make a determination as to whether expedited processing is

appropriate and notify CfA of any such determination within ten days after the date of the

request.

21.     HHS's failure to grant expedited processing of its FOIA request violates FOIA

and HHS regulations.

22.     Plaintiff CfA is therefore entitled to injunctive and declaratory relief requiring

HHS to grant expedited processing of its FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

23.     CfA repeats the allegations in the foregoing paragraphs and incorporates them as

though fully set forth herein.

24.     CfA properly requested records within the possession, custody, and control of

HHS.

25.     HHS is an agency subject to FOIA, and its component ACF must therefore make

reasonable efforts to search for requested records.

26.     HHS, through its component ACF, has failed to promptly review agency records

for the purpose of locating those records which are responsive to CfA's FOIA request.

27.     HHS's failure to conduct an adequate search for responsive records violates

FOIA.

28.     Plaintiff CfA is therefore entitled to injunctive and declaratory relief requiring

Defendant to promptly make reasonable efforts to search for records responsive to CfA's FOIA

request.

### COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29.     CfA repeats the allegations in the foregoing paragraphs and incorporates them as

though fully set forth herein.

30.     CfA properly requested records within the possession, custody, and control of

HHS.

31.     HHS is an agency subject to FOIA, and its component ACF must therefore release

in response to a FOIA request any non-exempt records and provide a lawful reason for

withholding any materials.

32.     HHS, through its component ACF, is wrongfully withholding non-exempt agency

records requested by CfA by failing to produce non-exempt records responsive to its FOIA

request.

33.     HHS, through its component ACF, is wrongfully withholding non-exempt agency

records requested by CfA by failing to segregate exempt information in otherwise non-exempt

records responsive to CfA's FOIA request.

34.     HHS's failure to provide all non-exempt responsive records violates FOIA.

35.     Plaintiff CfA is therefore entitled to declaratory and injunctive relief requiring

Defendant to promptly produce all non-exempt records responsive to its FOIA request and

provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, CfA respectfully requests the Court to:

(1) Order Defendant to expedite the processing of CfA's FOIA request;

(2) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to CfA's FOIA request;

(3) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to CfA's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to CfA's FOIA request;

(5) Award CfA the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant CfA such other relief as the Court deems just and proper.


Dated: February 2, 2018                         Respectfully submitted,

                                                */s/ Cerissa Cafasso*
                                                Cerissa Cafasso
                                                D.C. Bar No. 1011003

                                                */s/ John E. Bies*
                                                John E. Bies
                                                D.C. Bar No. 483730

/s/ Austin R. Evers
Austin R. Evers
D.C. Bar No. 1006999

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org
john.bies@americanoversight.org
austin.evers@americanoversight.org

*Counsel for Plaintiff Campaign for
Accountability*